**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4218**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANKLIN SHURON JONES,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.  Louise W. Flanagan,
Chief District Judge.  (2:05-cr-00029-FL)

———————————

Submitted:  December 19, 2007        Decided:  January 4, 2008

———————————

Before WILKINSON, MOTZ, and KING, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Franklin Shuron Jones appeals the sentence of 188 months imposed pursuant to his guilty plea to three drug offenses. We affirm.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court must calculate the appropriate guideline range, consider that range in conjunction with the factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and impose sentence. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). We review a post-Booker sentence to determine whether it is "within the statutorily prescribed range" and reasonable. Id. at 547. "[A] sentence within the proper advisory guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). When conducting a reasonableness inquiry, we review "legal questions, including the interpretation of the guidelines, de novo, while factual findings are reviewed for clear error." United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

Jones first contends that his sentence is unreasonable because he was erroneously found to be a career offender. Our review of the record satisfies us that he met the criteria for career offender status. See U.S. Sentencing Guidelines Manual § 4B1.1(a) (2005). Jones was over eighteen when he committed the instant controlled substance offenses, and he had at least two

prior felony convictions for a crime of violence or a controlled substance offense. The fact that the majority of Jones' prior offenses were for misdemeanors is irrelevant.

Jones also argues that the district court did not adequately take his upbringing into consideration. To the contrary, the district court listened carefully to defense counsel's description of the circumstances in which Jones was raised, and described the situation as "tragic." In imposing sentence, the court considered a number of factors, including Jones' background, his extensive criminal history, other § 3553(a) factors, and the presentence report, which the court adopted.

We conclude that the arguments raised on appeal are without merit and that Jones' sentence, which falls within the properly calculated advisory guideline range, is reasonable. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED